MORRISON TENENBAUM PLLC  
*Counsel to the Debtor*  
87 Walker Street, Floor 2  
New York, New York 10013  
Phone: 212-620-0938  
Lawrence F. Morrison, Esq.  
Brian J. Hufnagel, Esq.

**Hearing Date: March 13, 2019**  
**Hearing Time: 2:00 p.m.**

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------X  

In re:

888 Dining Corp.,

                      Debtor.  
-----------------------------------------------------------X

Chapter 11

Case No. 19-40591 (CEC)

## NOTICE OF MOTION IN SUPPORT OF AN ORDER DISMISSING CHAPTER 11 CASE

**PLEASE TAKE NOTICE**, that upon the annexed motion dated February 19, 2019, by and through its undersigned counsel, will move this court before the Honorable Carla E. Craig, United States Bankruptcy Chief Judge, at the United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn New York 11201 on the 13th day of March, 2019, at 2:00 p.m. (prevailing Eastern Time) (the "**Hearing Date**"), or as soon thereafter as counsel may be heard, for an entry of an Order, pursuant to § 1112(b) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), dismissing this chapter 11 case, and granting the Debtor such other and further relief as this Court may deem just and proper (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that all response or objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York, (iii) set forth the basis for the objection and the specific grounds therefore, (iv) be filed with the Court with a copy delivered directly to the Chambers of

the Honorable Carla E. Craig, together with proof of service thereof, and (v) shall be served in a manner so as to be received not later than 5:00 p.m. on March 6th, 2019 by Morrison Tenenbaum PLLC, 87 Walker Street, Floor 2, New York, NY 10013 (Attn: Lawrence F. Morrison, Esq.)

Dated: New York, New York
      February 19, 2019

                                    MORRISON TENENBAUM PLLC

                                    By: */s/ Lawrence Morrison*
                                    Lawrence F. Morrison
                                    Brian J. Hufnagel
                                    87 Walker Street, Floor 2
                                    New York, New York 10013
                                    Tel.: (212) 620-0938
                                    *Counsel for the Debtor*
                                    lmorrison@m-t-law.com
                                    bjhufnagel@m-t-law.com

MORRISON TENENBAUM PLLC
*Counsel to the Debtor*
87 Walker Street, Floor 2
New York, New York 10013
Phone: 212-620-0938
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                            Chapter 11

888 Dining Corp.,                                          Case No. 19-40591 (CEC)

                      Debtor.
-----------------------------------------------------------X

## MOTION OF THE DEBTOR IN SUPPORT OF AN
## ORDER DISMISSING THE CHAPTER 11 CASE

TO:    THE HONORABLE CARLA E. CRAIG
         UNITED STATES BANKRUPTCY CHIEF JUDGE

888 Dining Corp., (the "Debtor"), by its undersigned counsel, submits this motion (the "Motion") in support of an Order pursuant to § 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing this Chapter 11 case and respectfully represents and alleges:

### PRELIMINARY STATEMENT

1. Through this bankruptcy case, the Debtor hoped to accomplish a negotiated restructuring of its debts through an extension of its commercial premises lease, which the debtor was not able to secure with its landlord. Accordingly, the Debtor seeks entry of an order dismissing its chapter 11 case.

### FACTUAL BACKGROUND

2. On January 30, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and thereafter, continues to operate its business

and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No receiver, examiner or creditor's committee has been appointed.

3. The Debtor operates a pizza and deli restaurant located at 888 10th Avenue, New York, NY 10019.

4. The bankruptcy filing was necessitated by a pending landlord tenant proceeding.

5. Prior to the bankruptcy filing, the Debtor spoke with its landlord in efforts to negotiate a lease extension that would allow the debtor to continue operating at its premises for several more years.

6. Unfortunately, the Debtor has been unsuccessful in negotiating a lease extension with its landlord and therefore will not be able to continue operating to pay back its debts.

7. Based upon the foregoing, the Debtor would like to dismiss its chapter 11 case as it would like to address its outstanding debts outside of bankruptcy.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for this motion are § 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017.

## DISCUSSION

9. By way of this Application, the Debtor respectfully seeks an Order dismissing their Chapter 11 case. A request for dismissal of a Chapter 11 case is governed by § 1112(b) of the Bankruptcy Code, which provides, in pertinent part, that:

> On request of a party in interest...the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case

> under this chapter, whichever is in the best interest of creditors and the
> estate for cause, including—
>
> > (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

11 U.S.C. § 1112(b)(4)(A).

10. Section 1112(b) of the Bankruptcy Code requires the court to conduct the following two-part analysis in determining whether to dismiss a chapter 11 case. First, as a threshold matter, the court must determine whether cause for dismissal exists; and second, if cause is found, the court must then decide whether it is in the best interests of creditors to simply dismiss the case or to convert it to a chapter 7 case. *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 358-59 (S.D.N.Y. 2001). It is well settled that a finding of "cause" for dismissal is not limited to the grounds set forth in the statute and the inquiry into what might constitute cause is a matter of judicial discretion to be determined on a case-by-case basis. *Id.; In re Adbrite Corp.*, 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003); *In re Court Living Corp.*, 1996 U.S. Dist. LEXIS 13588, *9 (S.D.N.Y. 1996). A bankruptcy judge has a tremendous amount of discretion upon engaging in its determination of whether the requisite cause exists to dismiss a chapter 11 case. *In re Roma Group, Inc.*, 165 B.R. 779, 781 (S.D.N.Y 1994); *In re Reichert*, 138 B.R. 522 (Bankr. W.D. Mich. 1992). In keeping with the same, the Court in *In re HBA East, Inc.*, 87 B.R. 248 (Bankr. E.D.N.Y 1988), stated:

> The precise perimeters of "cause" are intentionally omitted from the statute so as to afford maximum flexibility and, among other things, to enable a bankruptcy court to dismiss a Chapter 11 case for any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy reorganization process.

87 B.R. at 258.

11. Similarly, the "best interests of creditors" is not defined in the Bankruptcy Code and is a matter committed to the discretion of the court requiring consideration of the "totality of

3

facts and circumstances of the individual case." *Hampton Hotel*, 27 B.R. at 359. In conducting this analysis, the court evaluates the alternatives and chooses the one that would be most advantageous to the estate as a whole. *Id.* Any or all of the following factors are relevant in determining whether conversion or dismissal is in the "best interests of creditors":

(i) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;

(ii) whether there would be a loss of rights granted in the case if it were dismissed rather than converted;

(iii) whether the debtor would simply file a further case upon dismissal;

(iv) the ability of the trustee in a Chapter 7 case to reach assets for the benefit of creditors;

(v) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise;

(vi) whether any remaining issues would be better resolved outside the bankruptcy forum;

(vii) whether the estate consists of a single asset; and

(viii) whether the debtor had engaged in misconduct and whether creditors are in need of a Chapter 7 case to protect their interests.

*Id.* (citing 7 Lawrence P. King, *et al.*, *Collier on Bankruptcy*, P. 1112.04(6) (15th ed. revised 2006).

12. Turning now to the instant case, it is respectfully submitted that cause exists for the requested dismissal of this chapter 11 case. By way of example, the Debtor filed the chapter 11 to prevent an eviction in a pending landlord tenant proceeding and pay its obligations through a plan. The Debtor had hoped for an extension of its lease but was unsuccessful. Accordingly, the Debtor seeks dismissal of the chapter 11 case. The debtors lease has expired and the landlord wishes to lease the premises to a new tenant.

## NOTICE

13. Notice of this Application has been served upon: (a) the United States Trustee; (b) all creditors of the Debtor; (c) all relevant taxing authorities; and (d) all creditors who have served on the Debtor and have filed with the Court a request for notice in this Chapter 11 case. The Debtor respectfully submits that no other or further service or notice is necessary or appropriate.

## CONCLUSION

14. Based upon the foregoing, the Debtor respectfully requests than an Order be entered, pursuant to § 1112(b) of the Bankruptcy Code, dismissing this Chapter 11 proceeding, and granting such and other and further relief as this Court deems just and proper.

Dated: New York, New York
February 19, 2019

MORRISON TENENBAUM PLLC

By: /s/ Lawrence Morrison
Lawrence Morrison
Brian J. Hufnagel
87 Walker Street, Floor 2
New York, New York 10013
Tel.: (212) 620-0938
*Counsel for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                          Chapter 11

888 Dining Corp.,                                               Case No. 19-40591 (CEC)

                  Debtor.
-----------------------------------------------------------X

## ORDER DISMISSING CHAPTER 11 CASE

Upon the Motion, (the "Motion") of 888 Dining Corp., by and through its counsel Morrison Tenenbaum PLLC, seeking the issuance and entry of an order, pursuant to § 1112(b) of the Bankruptcy Code, dismissing the Chapter 11 case of the above-captioned debtor and debtor-in-possession (the "Debtor") and a hearing (the "Hearing") on the Motion having been held on March 13, 2019; and upon the record of the Hearing; and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate and its creditors; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing thereafter; it is,

**ORDERED,** that the Chapter 11 case of the Debtor is dismissed; and it is further;

**ORDERED,** that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) and 31 U.S.C. § 3717 within ten days of the entry of this order and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.